UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NO. 17-cr-267-01-01 |
| –vs– | JUDGE DRELL |
| **SHANE JEANSONNE (01)** | MAGISTRATE JUDGE PEREZ-MONTES |

### RULING AND ORDER

Before the court is a motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by Shane Jeansonne ("Jeansonne" or "Defendant"). (Doc. 112). For the following reasons, the motion is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I. BACKGROUND

On Decemeber 15, 2017, the defendant plead guilty pursuant to a written plea agreement to one count of possession of child pornography. (Docs. 27, 29). He was subsequently sentenced to ninety seven (97) months imprisonment followed by five years of supervised release. (Docs. 36, 37). On February 13, 2019, the United States Court of Appeals for the Fifth Circuit affirmed Jeansonne's conviction and sentence. United States v. Jeansonne, 748 F. App'x 631, 632 (5th Cir. 2019).

On December 17, 2018, Jeansonne filed his first motion to vacate under 28 U.S.C. § 2255. (Doc. 55). In that motion he claimed that (1) his counsel was ineffective, (2) evidence was used against his was seized unconstitutionally, and (3) his sentence was unconstitutional. That motion was denied. (Docs. 64, 74). The first and second challenges being nonjurisdictional defects were waived by virtue of

Jeansonne pleading guilty, and Jeansonne could not show that the first and second challenges undermined the voluntariness of his guilty plea. Id. With respect to the third challenge, we concluded that Jeansonne did not show that his sentence was unconstitutional. Id. We then denied Jeansonne's motion for a certificate of appealability. (Docs. 68, 88). The Fifth Circuit affirmed. (Doc. 106).

On April, 30, 2020, Jeansonne filed a second motion to vacate under 28 U.S.C. § 2255. (Doc. 96). He then moved to withdraw this second motion, which we granted. (Docs. 109, 110). On May 24, 2021 Jeansonne filed the present motion to vacate under 28 U.S.C. § 2255. Beyond a claim that the statute of limitations within § 2255 abridges the separation of powers, the instant motion primarily challenges the constitutionality of criminalizing the possession of child pornography.

## II. LAW AND ANALYSIS

Whether the present motion is "second or successive" within the meaning of § 2255(h) is a jurisdictional question for this court. See United States v. Williams, 841 F. App'x 745, 746 (5th Cir. 2021) ("Because Williams had not obtained prior authorization to file a successive § 2255 motion, the district court lacked jurisdiction to entertain it.") (citing United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)). Thus, we must address this question first. See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003)

The Antiterrorism and Effective Death Penalty Act does not define "second or successive." Nonetheless, the Fifth Circuit has long held that

" 'a prisoner's application is not second or successive simply because it follows an earlier federal petition.' Rather, a subsequent motion is 'second or successive' when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."

United States v. Orozco–Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235).

The instant motion is Jeansonne's second attempt to collaterally attack his federal conviction for the possession of child pornography. His first motion to vacate sentence was dismissed on the merits. This time Jeansonne claims that laws criminalizing the possession of child pornography are unconstitutional. This claim was clearly available to Jeansonne when he filed his first motion to vacate sentence and before. He certainly does not rely on any novel legal or economic argument that was not reasonably available to him during the trial, on appeal, or when he filed his first motion to vacate sentence. Because the claim was available to him, the instant motion is successive pursuant to 28 U.S.C. § 2255. See Orozco–Ramirez, 211 F.3d at 867–71.

Before we may consider his second or successive motion to vacate pursuant to § 2255, Jeansonne must obtain authorization to file it from the Fifth Circuit Court of Appeals. 28 U.S.C. §§ 2255(h), 2244(B). Because the record does not reveal that Jeansonne received such authorization, we lack jurisdiction. Williams, 841 F. App'x at 746; Crone, 324 F.3d at 836; Key, 205 F.3d at 774.

## III. CONCLUSION

For the reasons explained above, it is hereby **ORDERED** that Jeansonne's motion to vacate his sentence pursuant to 28 U.S.C. §2255 (Doc. 112) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 26th day of August 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT